MEMORANDUM **
Michael Wayne Gray appeals his sentence of sixteen months following his guilty plea to Providing Ammunition to a Known Convicted Felon, in violation of 18 U.S.C. § 922(d)(1) (hereinafter Ammunition Charge). We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.
Gray argues that his Ammunition Charge and his earlier charges for both Conspiracy to Possess Marijuana with Intent to Distribute (21 U.S.C. § 846) and Possession of Marijuana with Intent to Distribute (21 U.S.C. § 841(a)) should have been grouped by the District Court pursuant to the Sentencing Guidelines Section 3D1.2. The Sentencing Guidelines Manual provides that “[a]ll counts involving substantially the same harm shall be grouped together into a single Group.” U.S. Sen-tenoing Guidelines Manual § 3D1.2 (2007); see also United States v. Smith, 424 F.3d 992, 1015 (9th Cir.2005). The Commentary to the Guidelines Grouping Chapter notes that counts can be grouped when they are contained in the same indictment or when sentences are to be imposed at the same time or in a consolidated proceeding. U.S. Sentencing Guidelines Manual ch. 3, pt. D, introductory cmt. (2007). Here, the counts that Gray claims should have been grouped were contained in separate indictments and sentenced at different hearings. While we are sympathetic to Gray’s predicament, the Guidelines do not contemplate the ability to group his charges under Section 3D1.2.
Gray also argues that the sentence he was given for his Ammunition Charge was substantively unreasonable. We evaluate a sentence for its substantive reasonableness under an abuse of discretion standard. See United States v. Pham, 545 F.3d 712, 716 (9th Cir.2008). As the only evidence of substantive unreasonableness Gray asserts is the same argument that is made and rejected above — i.e., that the sentence was in error because the charges should have been grouped — we do not find that the District Court’s imposition of a sixteen month sentence is substantively unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.